FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 17 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JEFFERY OLSEN, Individually and on                              PLAINTIFF
Behalf of All Others Similarly Situated

vs.                       No. 3:18-cv-129-BSM

This case assigned to District Judge Miller
CLAY COUNTY, ARKANSAS and to Magistrate Judge Deere          DEFENDANT

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jeffery Olsen ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Stacy Gibson, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendant Clay County, Arkansas ("Defendant"), he does hereby state and allege as follows:

I.   **PRELIMINARY STATEMENTS**

1.   This is a class and collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.   Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff Jeffery Olsen is an individual and resident of Clay County.

8. Plaintiff was employed by Defendant as a Jailer within the three (3) years prior to the filing of this Complaint.

9. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

10. As an employee of Defendant, Plaintiff was an employee of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

11. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

12. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

13. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

14. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

15. Defendant Clay County, Arkansas, operates the Clay County Detention Center where Plaintiff was employed within the three (3) years prior to the filing of this Complaint as a Jailer.

16. Defendant can be served through the Clay County Judge, who is Mike Patterson, 151 South Second Avenue, Piggott, Arkansas 72454.

17. At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

## IV.   FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff was an hourly-paid employee of Clay County Sheriff's Department.

20. At all times relevant to the allegations in this Complaint, Plaintiff has been employed by Defendant as a Jailer.

21. Upon information and belief, Defendant did not establish a "work period" for Jailers and similar detention center employees pursuant to the FLSA.

22. Plaintiff and other Jailers and similar detention center employees were routinely required to work in excess of forty (40) hours per week.

23. Even if Defendant did establish a work period for Jailers and similar detention center employees, Plaintiff, other Jailers and similar detention center employees were routinely required to work in excess of 171 hours in a 28-day period.

24. Plaintiff and other Jailers and similar detention center employees were not paid for all hours worked, nor were they paid properly for overtime.

25. Defendant knew that Plaintiff and other Jailers similar detention center employees worked in excess of forty (40) hours per week and also over 171 hours in a 28-day period, and Defendant required them to do so.

26. Defendant did not provide Plaintiff and other Jailers and similar detention center employees compensatory time off at a rate of one and one-half (1.5) times their regular rate for their overtime hours.

27. The actual day-to-day job duties and responsibilities of Plaintiff and other Jailers and similar detention center employees were not exempt under the FLSA with respect to payment for time worked in excess of forty (40) hours per week, or alternatively, 171 hours in a 28-day period.

28. During the court course of their employment, Plaintiff and others similarly situated did not manage the enterprise or a customarily recognized subdivision of the enterprise.

29. Plaintiffs and others similarly situated had no ability to hire and fire any employee.

30. Plaintiffs and others similarly situated did not have any control of or authority over any employee's rate of pay or working hours.

31. Plaintiffs and others similarly situated did not maintain or prepare production reports or sales records for use in supervision or control in the business.

32. Plaintiffs and others similarly situated did not have responsibility for planning or controlling budgets.

33. Defendant expected Plaintiffs and others similarly situated to follow Defendant's policies regarding their employment.

34. Defendant made decisions on what new business to pursue or take without the input of Plaintiffs and others similarly situated.

35. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and its other Jailers and similar detention center employees violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings his FLSA claims on behalf of all hourly Jailers and similar detention center employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek or alternatively, 171 hours in a 28-day work period; and

B. Liquidated damages and attorneys' fees and costs.

39. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

40. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

41. The members of the proposed FLSA Class are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay or compensatory time for hours worked over forty (40) per work week, or alternatively 171 hours in a 28-day period.

42. Plaintiff is unable to state the exact number of the potential members of the FLSA Class but believes that the class exceeds 40 persons.

43. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

44. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

45. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiff proposes to represent the class of Jailers and similar detention center employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

48. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 40 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

53. No difficulties are likely to be encountered in the management of this class action.

54. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

56. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.   FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

58.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

60.   At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

61.   29 U.S.C. § 207 requires any public agency to pay employees engaged in law enforcement activities one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, or over 171 in a 28-day period if such an election has been made.

62.   The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

63.   Despite the entitlement of Plaintiff to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

64.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs,

including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

67. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

68. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

69. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week or over 171 hours in a 28-day period if such an election has been made.

71. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

72. Despite the entitlement of Plaintiff to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

73. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

76. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77. Plaintiff, individually and on behalf of all others similarly situated, assets this claim for damages and declaratory relief pursuant to the FLSA.

78. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

79. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

80.   29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week, or over 171 hours in a 28-day period if such an election has been made.

81.   The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

82.   Defendant failed to pay Plaintiff and those similarly situated lawful overtime payments or lawful compensatory time, despite their entitlement thereto.

83.   Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

> **All Jailers and similar detention center employees employed by Defendant within the past three years.**

84.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

85.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

86.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CAUSE OF ACTION

## (Class Action Claim for Violation of the AMWA)

87. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

89. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA.

90. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, or over 171 hours in a 28-day period if such an election has been made.

91. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

92. Despite the entitlement of Plaintiff and members of the proposed class to overtime payments or lawful compensatory time under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium or lawful compensatory time.

93. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

> **All hourly-paid Jailers and similar detention center employees employed by Defendant within the past three years.**

94. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

95. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

96. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeffery Olsen, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

C.   For orders regarding certification of and notice to the proposed class and collective action members;

D.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.   A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F.   Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed class and collective members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.   Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.   Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class and collective members during the applicable statutory period;

I.   Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.   For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JEFFERY OLSEN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Stacy Gibson*
Stacy Gibson
Ark Bar No. 2014171
stacy@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com