# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JEFFREY OLSEN                                                                    PLAINTIFF

v.                              CASE NO. 3:18-CV-00129 BSM

CLAY COUNTY, ARKANSAS                                                DEFENDANT

## ORDER

Plaintiff Jeffrey Olsen's motion for conditional certification [Doc. No. 7] is granted in part and denied in part.

## I. BACKGROUND

Olsen brings claims against the defendants for overtime compensation violations under the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). He seeks conditional certification of a collective action for a class of similarly situated individuals.

## II. LEGAL STANDARD

Plaintiffs who want to sue on behalf of a similarly situated class under the FLSA must utilize the opt-in mechanism provided in 29 U.S.C. section 216(b) instead of the opt-out mechanism provided in Federal Rule of Civil Procedure 23. *Butcher v. Delta Mem'l Hosp.*, No. 5:12CV00241 SWW, 2013 WL 1668998, at *1 (E.D. Ark. Apr. 17, 2013). This is known as a collective action, distinguishing it from a Rule 23 class action. *Teramura v. Walgreen Co.*, No. CV 12 5244, 2013 WL 12171862, at *1 (W.D. Ark. Mar. 7, 2013). A district court may exercise discretion in appropriate cases to authorize the sending of notice

to potential members in a collective action so long as it avoids communicating in a way that endorses the merits of the action. *Hoffmann La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984, at *1 (E.D. Ark. Apr. 17, 2013).

Many district courts in the Eighth Circuit use a two-step approach in a collective action to determine whether certification of a similarly situated class is proper. *Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013). First, at the notice stage, the district court determines whether notice of the action should be given to potential plaintiffs. *Collins*, 2013 WL 1668984 at *2. This determination is usually based on pleadings and affidavits. *Id.* Because the court has minimal evidence at this stage, the standard is fairly lenient and typically results in conditional certification of a representative class. *Id.* Potential plaintiffs are then given notice and an opportunity to opt in, and the action proceeds as a representative action throughout discovery. *Id.* At the second stage, when discovery is largely complete, the defendant may move for decertification. *Id.* At this stage, a factual determination of whether the class members are similarly situated can be made. *Id.* If the class members are not similarly situated, the class can be decertified, the opt-in members can be dismissed, and the class representatives can proceed to trial on their individual claims. *Id.*

### III. DISCUSSION

In determining whether an opt-in class is appropriate for conditional certification and court-authorized notice, the main question is not whether there has been a violation of the

law, but whether plaintiffs have established whether similarly situated members of a potential class exist. *Butcher*, 2013 WL 1668998 at *1–3; *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, No. MDL 1:07 CV 1832, 2008 WL 4877239, at *3 (W.D. Ark. Mar. 13, 2008). The FLSA does not expressly define "similarly situated," *Madden v. Lumber One Home Ctr. of Stuggart Inc.*, No. 4:10CV01162 JLH, 2010 WL 4974971, at *4 (E.D. Ark. Dec. 2, 2010), but factors often considered include (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Cruthis*, 2013 WL 4028523 at *2.

Olsen seeks conditional certification of a class of "[a]ll jailers for Defendant at any time since July 17, 2015." Mot. Conditional Certification ¶ 3, Doc. No. 7. Defendant Clay County, Arkansas ("Clay County") opposes certification because it disputes whether Olsen is similarly situated with members of the proposed class. Specifically, Clay County argues that many potential class members have already released their claims against Clay County and that, according to an investigation by the Department of Labor, Olsen has been properly compensated contrary to his assertion otherwise.

At the notice stage, however, the evidence submitted by Clay County need not be considered because it does not bear on whether Olsen has made a "modest factual showing" entitling him to conditional certification. *Becerra v. IM LLC-I*, No. CV 14–2671 (ADS)

3

(ARL), 2015 WL 1954478, at *4 (E.D.N.Y. 2015). Courts are not to resolve contradictory evidence presented by the parties or make any credibility determinations at this stage. *In re Pilgrim's Pride Fair Labor Standards Act Litig*, 2008 WL 4877239 at *3. Rather, the relevant inquiry is whether Olsen's pleadings and affidavits demonstrate that he is "similarly situated" to the potential collective action members. *Id.* Because Clay County's exhibits essentially refute Olsen's declaration, their arguments invite an improper resolution of contradictory evidence. Clay County will have an opportunity to move for decertification at a later stage, and their evidence may be properly considered at that time.

Based on Olsen's motion and his declaration, the proposed collective action members are, like Olsen, jailors for Clay County who were allegedly not paid overtime wages. *See* Mot. Conditional Certification Ex. 7. At this stage, he appears similarly situated to the proposed collective action members. Accordingly, conditional certification is granted.

Olsen's motion, as it pertains to notice to potential opt-in plaintiffs, is granted in part and denied in part. His request to send notice by email and text messages and to send reminder notices by email and text messages is denied without prejudice to avoid redundant notice and any conduct that could be interpreted as an endorsement of the lawsuit. *See Cruthis*, 2013 WL 4028523 at *8; *Teramura*, 2013 WL 12171862 at *4; *Knispel v. Chrysler Grp. LLC*, No. 11-11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012). Providing notice to possible opt-in plaintiffs through U.S. mail via letter or postcard is sufficient, and Olsen may send one written notice and one follow-up written notice. Including a copy of the complaint and answer in the notice packet is acceptable. Olsen's request that Clay County

4

be required to post the notice in the same areas in which it is required to post government-required notices is granted. *See Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277–78 (S.D. Iowa 2011) (noting that "courts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative forum of notice."). His proposed written notice and consent forms are acceptable, *see* Mot. Conditional Certification Exs. 1, 2, 5, subject to several alterations. First, the statement "If the case is not settled between the parties, a trial will be held at the United States District Court of the Eastern District of Arkansas in Jonesboro, Arkansas" in the paragraph titled "(3) DESCRIPTION OF THE LAWSUIT" shall be changed to read "If the case is not dismissed, settled, or decided on the merits prior to the trial date, a trial will be held at the United States District Court for the Eastern District of Arkansas in Jonesboro, Arkansas." Second, the statements "It is important to understand that you may be entitled to recovery just because you were employed by the County as a jailer at some time since July 17, 2015" shall be changed to read "It is important to understand that you may *not* be entitled to recovery just because you were employed by the County as a jailer at some time since July 17, 2015."

Finally, Clay County is ordered to produce the full name, dates of employment, and last known home address of each putative collective member in a usable electronic format. This information shall be delivered to Olsen's counsel within fourteen (14) days of the entry of this order, with the understanding that Olsen's counsel is to treat this information as confidential and is not to disclose it to third parties. Olsen shall have ninety (90) days from the date Clay County delivers the requisite contact information in which to distribute the

5

notice and consent documents and to file signed consent forms of opt-in plaintiffs.

IV.  CONCLUSION

For these reasons, the motion for conditional certification [Doc. No. 7] is granted in part and denied in part.

IT IS SO ORDERED this 15th day of November 2018.

_____
UNITED STATES DISTRICT JUDGE