## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**JEFFERY OLSEN, on behalf of himself**                                **PLAINTIFF**
**and all others similarly situated**

v.                 **CASE NO. 3:18-CV-00129 BSM**

**CLAY COUNTY, ARKANSAS**                                        **DEFENDANT**

## **ORDER**

Jeffery Olsen's motion for attorneys fees and costs [Doc. No. 24] is granted in the amount of $8,000 in fees and $1,285.15 in costs. Olsen, Lenny Wallace, and Dylan Pruett settled their Fair Labor Standards Act ("FLSA") complaint with Clay County, Arkansas for $2,113.30, $1,642.76, and $143.94, respectively. Joint Mot. Approve Partial Settlement, Ex. 1, Doc. No. 22. They now request $13,956.75 in fees and $1,285.18 in costs.

Plaintiffs' fee request is not facially unreasonable. *See Holyfield v. F.P. Quinn & Co.*, No. 90-C-507, 1991 WL 65928, at *1–*2 (N.D. Ill. Apr. 22, 1991) (plaintiff received $921 in settlement but $6,922 in fees awarded). The county, however, argues that the fee request is unreasonable because it attempted to settle plaintiffs' claims very early but that plaintiffs refused to make a settlement demand until they incurred a substantial amount in fees. The county's position is that it should not be required to pay the requested fee because it acted in good faith to quickly resolve plaintiffs' claims and that plaintiffs' actions prevented quick resolution. In reply, plaintiffs argue that they were unable to make an informed demand until the county provided discovery and that the county's slow movement in doing so is what held

up their making a demand.

The parties have fully briefed all of the factors that must be considered when determining whether a fee petition is reasonable. When I decide the reasonableness of fee petitions, I look to see if the time spent by counsel was necessary. In FLSA cases, I often wonder why defendants do not step forward quickly to resolve pay issues. Having reviewed these cases for the past twelve years, it appears that the deficit in pay that is claimed by the typical plaintiff is very small and that a quick offer to pay the plaintiff would move the case quickly towards resolution and would allow defendants to minimize the fees they will ultimately have to pay to plaintiffs' counsel as well as defense counsel. It appears from the briefs and the docket that this is what the county attempted to do.

Further, in addition to all of the factors set out in the parties' briefs, I also consider the impact that reducing fees in FLSA cases will have on future litigation. Due to the very small amounts in damages involved in typical FLSA cases, fee reductions by judges could lead experienced lawyers to exit this area of practice, which would negatively impact employees who have been deprived the pay required by law. This is unacceptable. Consequently, fee reductions, especially in cases like this in which the fee requested is relatively small compared to other cases, should be done with caution.

All of this being weighed, the county must be given credit for doing the right thing, stepping forward early and attempting to settle quickly. Further, plaintiffs' assertion that they could not make an informed demand until they received discovery is unconvincing. Plaintiffs

routinely make demands before lawsuits are even filed. Moreover, plaintiffs had enough information to make a reasonable demand because they knew their hourly pay rates and should have been reasonably aware of the number of hours they worked. Therefore, plaintiffs' failure to make a demand until late in the litigation was unreasonable.

Thus, Olsen's motion for attorneys fees and costs [Doc. No. 24] is granted in the amount of $8,000 in fees and $1,285.15 in costs.

IT IS SO ORDERED this 20th day of April, 2020.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE